IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH JAMES FALCETTA, JR. | § | |
| v. | § | CIVIL ACTION NO. 6:09cv176 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Joseph Falcetta, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Falcetta pleaded guilty to armed robbery of a motor vehicle and using and carrying a short-barreled shotgun during and in relation to a crime of violence, receiving a sentence of 191 months in prison. He took a direct appeal, and his conviction was affirmed by the Fifth Circuit, and filed a motion for new trial, the denial of which was also affirmed by the Fifth Circuit. Falcetta then filed a Section 2255 motion, which was dismissed with prejudice, and the Fifth Circuit denied him a certificate of appealability.

On April 21, 2009, Falcetta filed the present motion under Section 2255, arguing that he has newly discovered evidence in the form of a newspaper article which appeared on the ten-year anniversary of the crime and an affidavit from Stephen Henry, an "unindicted co-defendant," saying that at no time before or during the crime did Falcetta intend that harm, death, or injury would come to any of the victims. Falcetta also contended that he received ineffective assistance of counsel and that he is "actually innocent under the law."

1

After review of the pleadings, the Magistrate Judge issued a Report on April 27, 2009, recommending that the petition be dismissed as successive. The Magistrate Judge observed that Falcetta had previously sought relief under Section 2255 and that he is required to obtain leave from the Fifth Circuit to file a second or successive petition, but he failed to show that he had done so. Instead, the Magistrate Judge said, Falcetta was denied permission to file a second or successive petition on April 4, 2006. The Magistrate Judge observed that under Fifth Circuit precedent, the district court lacks jurisdiction over a second or successive petition for which permission to file has not been received. United States v. Key, 205 F.3d 773, 774 (5th Cir.2000). Thus, the Magistrate Judge recommended that Falcetta's motion to vacate or correct sentence be dismissed with prejudice until such time as Falcetta secures permission from the Fifth Circuit Court of Appeals to file a successive petition.

Falcetta filed objections to the Magistrate Judge's Report on May 6, 2009. In his objections, he says first that the Magistrate Judge had a "conflict of interest," noting that he filed a request to recuse the Magistrate Judge. He also says that he has "pending litigation" in the Western District of Texas, saying that the present petition should have been "tabled" until the case in the Western District has been resolved.

In his recusal motion, Falcetta says that the Magistrate Judge to whom the case was referred has a "conflict of interest in this case, in that her actions at the outset of this criminal prosecution are once again represented in a post-conviction claim. It is clearly presented on p. 5, ¶1, final sentence, that Magistrate Judge Guthrie's actions are directly responsible for this miscarriage of justice." A review of Falcetta's memorandum indicates that the action of the Magistrate Judge about which he complains is the fact that the Magistrate Judge "provided [him with] counsel untrained in federal law, despite the presence of a federal public defender in Tyler, simply out of expediency."

Falcetta's petition in the Western District of Texas appears to contend that the Federal Bureau of Prisons has made his sentence consecutive to his state sentence even though consecutive sentences were not ordered by the court. He does not challenge the legality of his conviction *per se*,

and the issues raised in that petition are different from those raised in the present motion to vacate or correct sentence.

Falcetta's objections to the Report of the Magistrate Judge do not mention the salient fact in the case, which is that he has previously sought Section 2255 relief over the same conviction which he now attacks. As the Magistrate Judge correctly observed, Section 2255 provides that a second or successive motion must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence or a new rule of constitutional law that was previously unavailable. Falcetta says that he has newly discovered evidence, and so he may apply to the Fifth Circuit for permission to file a second or successive 2255 motion in the district court. Until such permission has been obtained, however, the district court lacks jurisdiction. Falcetta's objections are without merit, as is his contention that the Magistrate Judge is biased against him because she properly cited the controlling law.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original motion to vacate sentence and the memorandum in support, the Report of the Magistrate Judge, the Movant's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice until such time as the Movant Joseph Falcetta obtains leave from the Fifth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. §2255. It is further

ORDERED that the Movant Joseph Falcetta is hereby DENIED a certificate of appealability *sua sponte*, with such denial pertaining only to an appeal of the present case and having no effect

upon Falcetta's right to seek permission to file a second or successive petition, or upon his right to proceed once such permission has been obtained. Finally, it is

ORDERED that any and all motions which may be pending in this action, specifically including but not limited to the motion to recuse the Magistrate Judge, are hereby DENIED.

**So ORDERED and SIGNED this 21st day of May, 2009.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE